UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KARIM HABBAL** | **CASE NO.  6:24-CV-00720** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM ORDER

Pending before the Court and referred to the undersigned Magistrate Judge is a Motion to Dismiss (Rec. Doc. 14) filed by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Louisiana State University Health Sciences Center at New Orleans ("Board").  The Board's motion alleges defects in both the form of process and service of process. (*Id.*).  Plaintiff Karim Habbal, M.D. ("Dr. Habbal") opposes the motion.  (Rec. Docs. 18, 19).

Dr. Habbal's suit arises from his past employment as a postgraduate internal medicine resident with the Louisiana Health Sciences Center at New Orleans ("LSU HSC"). (Rec. Doc. 6 at p. 2).  Dr. Habbal claims that he was subjected to discrimination based on ethnicity, religion, gender, and nationality, retaliation for reporting discriminatory conduct, and wrongful termination of his employment.  (*Id.* at p. 9).  He filed the instant suit on May 29, 2024, naming LSU HSC as the sole defendant.  (Rec. Doc. 1).  Dr. Habbal amended his Complaint on May 31, 2024, retaining LSU HSC as the sole named defendant in this matter. (Rec. Doc. 6).

The Board filed the instant motion to dismiss on November 6, 2024 based on issues of capacity and service.  (Rec. Doc. 14).  Specifically, the Board claims that the named defendant LSU HSC lacks the capacity to be sued under applicable federal and state law, and that Dr.

Habbal failed to serve the proper party under applicable state law. (*Id.*, generally). On November 26, 2024, Dr. Habbal filed a Motion for Default Judgment and Entry of Default as to LSU HSC, alleging valid service as to this defendant on August 8, 2024. (Rec. Doc. 21). Also on that date, Dr. Habbal filed an alleged proof of service as to LSU HSC dated November 12, 2024, which purports to show service upon this defendant via Assistant Attorney General Sebastian Hoffpauir. (Rec. Doc. 20).

The Board responded to these filings in a brief filed December 11, 2024, expressing the belief that the defects identified in its Motion to Dismiss remained at issue. (Rec. Doc. 22). On December 23, 2024, Dr. Habbal filed alleged proofs of service as to the Board, the Louisiana Attorney General, and Louisiana's Office of Risk Management. (Rec. Doc. 23).

The original and amended complaints name LSU HSC as the sole defendant. (Rec. Docs. 1, 6). Federal Rule of Civil Procedure 17(b) governs the capacity of parties to suits before federal district courts. Subsection (b)(3) provides that the capacity of a university is determined according to the law of the forum state.

Louisiana law dictates that the Board is the only proper entity to sue and be sued on behalf of LSU HSC. La. R.S. §§ 17:1519, 3351(A)(1); *Mire v. Bd. of Supervisors of La. State Univ.*, 2016 WL 4761561 (E.D. La. Sept. 13, 2016).

Dr. Habbal's suit, as amended, names only LSU HSC as a party defendant. Pursuant to applicable state and federal law, LSU HSC lacks the capacity to be sued and is, thus, subject to dismissal under Federal Rule of Civil Procedure 12(b)(4). *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x. 688, 692 (5th Cir. 2008) (internal citations omitted). Considering Dr. Habbal's *pro se* status and the apparent actual knowledge of this suit by the Board, Dr. Habbal will be ordered to amend his complaint properly identifying the Board as the party defendant, thus rendering the portion of the Board's motion seeking dismissal under Fed. R. Civ. P. 12(b)(4) moot.

Service of process in suits before federal district courts is governed by Federal Rule of Civil Procedure 4. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 4(j)(2) requires that

> A state, a municipal corporation, or any other state-created government organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant.

Pertinent here, La. R.S. § 39:1538(D) provides that

> in actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

La. R.S. § 13:1507 additionally provides that

> Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

Dr. Habbal's most recent filing alleges service upon the Board, the Office of Risk Management, and the Attorney General on December 17 and 18, 2024. (Rec. Doc. 23). The Board has not responded to Dr. Habbal's latest attempted service. Considering Dr. Habbal's anticipated amendment, which will require service of the new amended complaint, this Court considers the Board's motion pursuant Fed. R. Civ. P. 12(b)(5) to be moot.

Accordingly, it is hereby

3

ORDERED that Dr. Habbal will amend his complaint in this matter to properly name the Board as a party defendant within THIRTY DAYS of the issuance of this Order and, thereafter, effect proper service of the amended complaint upon the Board pursuant to Fed. R. Civ. P. 4 and La. R.S. § 39:1538.  It is further

ORDERED that the Board's pending Motion to Dismiss (Rec. Doc. 14) is MOOT.

SO ORDERED this 2nd day of April, 2025 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**